| | |
|---|---|
| PITKIN COUNTY COURT<br>PITKIN COUNTY, COLORADO<br>506 East Main Street<br>Aspen, Colorado 81611 | |
| THE PEOPLE OF THE STATE OF COLORADO<br><br>v.<br><br>Defendant:<br><br>Nikos Jonah Hecht | ^ COURT USE ONLY ^<br><br>Case No: 15M197<br><br>Division:      Courtroom: |

Affidavit of Brooke Lauren Warfel

Brooke Lauren Warfel, the Affiant, of legal age, being first duly sworn, deposes and states the following:

1.  I am over the age of eighteen (18) and have first-hand, personal knowledge of the facts set forth hereinbelow. If called as a witness, I could testify competently thereto.

2.  I became romantically involved with defendant Nikos Jonah Hecht ("Defendant" or "Hecht") in late 2014 and lived with him from early October 2014 until July 26, 2015. As a result of my relationship with Defendant, I know a great deal about him---the good, the bad, and the ugly. There is a lot of ugly.

3.  I know how violent, aggressive, explosive, vicious, erratic and out of control Hecht can be, because I was subjected to his behavior, he took his anger out on me and I bore the brunt of his rage, when we were together. He used me as a verbal and physical punching bag for months.

4.  Hecht is a dangerous man, and even more dangerous when he is using drugs or coming down from a high, and I have seen him in action and am afraid of him for good reason.

5.     I am thankful that after Defendant's last attack on me on July 26, 2015, he was arrested and that on July 31, 2015, the Court entered a "Mandatory Protection Order Pursuant to §18-1-1001, C.R.S." ("MPO") for my protection. A true and correct copy of the MPO is attached hereto as Exhibit 1.

6.     I am asking that the MPO be modified to include Paragraph 7, which states that the defendant "[s]hall not possess or consume alcoholic beverages or controlled substances." I am also asking that Hecht be required to submit to random blood drug tests, where his blood is drawn with the tester present.

7.     I believe that I need these modifications for my safety because Defendant is addicted to illegal drugs and he is even more aggressive, out of control and abusive, and flies off the handle even more quickly and easily, when he is using drugs. I also believe that other people, including his children and my friends and family, will also be safer if Hecht is not using drugs, and there is a way to make absolutely sure that he is not.

8.     Defendant is a drug addict and is not interested in stopping or getting help for his addiction. He uses a lot of different drugs, but especially cocaine and "Roxy," which is a synthetic form of heroin, and he takes these drugs separately and together. He also has been prescribed Percocet and, when there are none left and it is too soon to refill the prescription, he buys them from his drug dealers. Hecht is able to buy whatever illegal drugs he wants, whenever he wants and as often as he wants, in Aspen, Los Angeles and Mexico.

9.     Defendant has faked urine drug tests and I believe it is important that he not be able to get away with what he has before. Hecht was being tested for drugs during his divorce proceeding in order to be able to see his children. He was doing drugs and would have failed most of the drug tests if it was his urine that was being tested. It

2

wasn't. Hecht was able to "beat the system" and pass the tests because it was his brother's urine--not Defendant's---that was being tested.

10.     When Hecht went off on me on July 26, 2015, he had been on a 5-day, non-stop cocaine and synthetic heroin binge, where he was doing drugs morning, noon and night.

11.     Hecht is someone to be afraid of. He has a hot temper and a very short fuse. His behavior is erratic and unpredictable, the slightest thing (which is usually imaginary) will suddenly set him off, there is no way to predict when he will get angry or fly into a rage, and he cannot control himself when he does.

12.     When Hecht "goes off," his anger is palpable, he repeats the same thing over and over, and uses racial slurs and epithets, his language is vile and disgusting, he talks about killing and physically harming people, is verbally abusive and makes taunting, demeaning, cruel, humiliating and derogatory remarks. I was subjected to this for months, he made these remarks to and about me and he directed and took out his anger at me.

13.     Hecht threatened to, among other things, kill me and my mother, torment my father, knock my teeth out and break my legs. He told me that my mother should be shot, he would like to shoot her and, if he thought he could get away with it, he would put a bullet in my mother's head. He also told me that he might put a PI on my mother and have her thrown in jail because she was, in Hecht's words, "threatening a fucking billionaire."

14.     Defendant only exploded when nobody else was around and he and I were alone, which made the situation even more terrifying and dangerous. I knew what he was capable of doing because he had been physically violent, menacing and abusive so many times before. Even though I had seen him enraged so many times, it was still scary whenever it happened because you do not see it coming, it happens in the blink

3

of an eye, there is no reason for it and his tirades last for hours. There is no way to calm Hecht down, get him to listen, reason with him, bring him back to reality or make him stop.

15. It is my understanding that I am not the first or only woman who has had the misfortune of falling in love with Hecht and being subjected to his abuse. I learned from law enforcement that there were over 100 domestic violence incidents reported during Hecht's marriage to his now ex-wife. When I mentioned to Hecht that I had heard this, he totally snapped, went ballistic and took his rage out on me with a level of viciousness I had not been subjected to before.

16. Since July 26th, I have only seen Defendant up close at the Court hearing on September 15th. I could tell by the way he looked and how he was acting that he is still using a lot of drugs.

Further affiant sayeth naught.

Brooke Lauren Warfel

State of ~~Hawaii~~ Colorado )
) ss
County of Pitkin )

Subscribed and sworn to before me this 1st day of October 2015 by Brooke Lauren Warfel.

Witness my hand and official seal.

{SEAL}
Laurie Spakanik
Notary Public
State of Colorado
Notary ID 19974022848
My Commission Expires January 8, 2018

My commission expires: 1-8-18

Laurie Spakanik
Notary Public

# EXHIBIT 1

| ☐Municipal Court ☒County Court ☐District Court | |
|---|---|
| _Pitkin_ County, Colorado Court Address: 506 E Main Street, Aspen, CO 81611 | |
| THE PEOPLE OF THE STATE OF COLORADO v. Defendant: Address: Nikos Jonah Hecht, 600 Owl Creek Ranch Road, Aspen, CO 81611 | ▲ COURT USE ONLY ▲<br>Case Number: 15M197<br>16 Character #:<br>Division   Courtroom |

## MANDATORY PROTECTION ORDER PURSUANT TO §18-1-1001, C.R.S.

| Full Name of Defendant<br>☐Protected Party alleges Weapon Involved | Date of Birth | Sex | Race | Weight | Height | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|
| Nikos Jonah Hecht | 4/20/70 | ☒M ☐F | W | 170 | 5'10" | BRO | BLU |

| Full Name of Protected Party (Victim/Witness) | Date of Birth | Sex | Race | Full Name of Protected Party (Victim/Witness) | Date of Birth | Sex | Race |
|---|---|---|---|---|---|---|---|
| Brooke Warcel | 9/12/84 | F | W | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**The Court Finds** it is appropriate to issue this Protection Order pursuant to §18-1-1001, C.R.S.

**The Court Finds** that the Defendant ☒is ☐is not governed by the Brady Handgun Violence Prevention Act, 18 U.S.C. §922 (d)(8) and (g)(8).

**Therefore, it is ordered that you, the Defendant:**

☒ 1. Shall not harass, molest, intimidate, retaliate against, or tamper with any witness to or victim of the acts you are charged with committing.

☒ 2. Shall vacate the home of the victim(s), stay away from the home of the victim(s), and stay away from any other location the victim(s) is/are likely to be found.

☒ 3. Shall refrain from contacting or directly or indirectly communicating with the victim(s).

☒ 4. Shall not possess, purchase, or control a firearm or other weapon.

☒ 5. Shall not possess or purchase any ammunition.

☒ 6. Shall relinquish, for the duration of the order, any firearm or ammunition in your immediate possession or control, or subject to your immediate possession or control, and shall do so within _24_(hours) (24 or 72) for firearms and within _____(24 hours or 5 days) for ammunition. You shall file proof of relinquishment with the court, within 3 business days of the relinquishment as required by statute.

☐ 7. Shall not possess or consume alcoholic beverages or controlled substances.

☒ 8. **Is further ordered that:** MPO is condition of Bond

**This Order remains in effect until final disposition or further order of Court. ***

Date: 7/31/15

_____ ☒Judge ☐Magistrate

By signing, I acknowledge receipt of this Order.

Date: _____     _____
                                          Defendant

I certify that this is a true and complete copy of the original order.

Date: _____     _____
                                          Clerk

*"Until final disposition of the action" means until the case is dismissed, until the Defendant is acquitted, or until the Defendant completes his or her sentence. Any Defendant sentenced to probation is deemed to have completed his or her sentence upon discharge from probation. A Defendant sentenced to incarceration is deemed to have completed his or her sentence upon release from incarceration and discharge from parole supervision. (§18-1-1001(8)(b), C.R.S.)

## IMPORTANT INFORMATION ABOUT PROTECTION ORDERS

**THIS ORDER IS IN EFFECT UNTIL THE DISPOSITION OF THIS ACTION, OR, IN THE CASE OF AN APPEAL, UNTIL THE DISPOSITION OF THE APPEAL.**

This Order is accorded full faith and credit and shall be enforced in every civil or criminal court of the United States, an Indian tribe, or a United States territory pursuant to 18 U.S.C. Sec. 2265. The issuing court has jurisdiction over the parties and subject matter. The Defendant has been given reasonable notice and opportunity to be heard.

## NOTICE TO DEFENDANT

- ✓ **A knowing violation of a Protection Order is a crime under §18-6-803.5, C.R.S.** A violation may subject you to fines of up to $5,000.00 and up to 18 months in jail. A violation will also constitute contempt of court.
- ✓ **You may be arrested** without notice if a law enforcement officer has probable cause to believe that you have knowingly violated this Order.
- ✓ If you violate this Order thinking that a victim or witness has given you permission, **you are wrong,** and can be arrested and prosecuted.
- ✓ The terms of this Order cannot be changed by agreement of the victim(s) or witness(es). **Only the Court can change this Order.**
- ✓ You may apply at any time for the modification or dismissal of this Protection Order.
- ✓ Possession of a firearm while this Protection Order is in effect or following a conviction for a misdemeanor crime of Domestic Violence, may constitute a Felony under Federal Law, 18 U.S.C. §922(g)(8) and (g)(9).
- ✓ Firearm and ammunition relinquishment must be in accordance with §18-1-1001(9)(b), C.R.S. Failure to comply with the order to relinquish may result in an arrest warrant.

## NOTICE TO LAW ENFORCEMENT OFFICERS

- ✓ You shall use every reasonable means to enforce this Protection Order.
- ✓ You shall arrest, or take into custody, or if an arrest would be impractical under the circumstances, seek a warrant for the arrest of the Defendant when you have information amounting to probable cause that the Defendant has violated or attempted to violate any provisions of this Order and the Defendant has been properly served with a copy of this Order or has received actual notice of the existence of this Order.
- ✓ You shall enforce this Order even if there is no record of it in the Protection Order Central Registry.
- ✓ You shall take the Defendant to the nearest jail or detention facility utilized by your agency.
- ✓ You are authorized to use every reasonable effort to protect the Protected Parties to prevent further violence.
- ✓ You may transport, or arrange transportation to a shelter for the Protected Parties.

## NOTICE TO PROTECTED PERSON

- ✓ You may request the prosecuting attorney to initiate contempt proceedings against the Defendant.