**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-CV-00686-KLM

**BROOKE LAUREN WARFEL,**

    Plaintiff,

v.

**NIKOS HECHT**,

    Defendant.

---

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND TO STRIKE COMPLAINT AND EXHIBITS PURSUANT TO FED. R. CIV. P. 12(f) AND 41(b)**

---

    Defendant Nikos Hecht, through his attorneys Lewis Roca Rothgerber Christie LLP, asks this Court to dismiss Claims Five and Six pursuant to Fed. R. Civ. P. 12(b)(6), strike certain requests in the Prayer for Relief, and pursuant to Fed. R. Civ. P. 12(f) and 41(b), strike the remainder of Plaintiff's Complaint with leave to re-file an amended complaint as requested herein.  Defendant states as follows in support:

    Plaintiff alleges that she was involved in a romantic relationship with Defendant and during that relationship Defendant acted intentionally to emotionally and physically hurt her. Plaintiff spends 38 pages alleging intentional conduct that she argues amounts to assault, battery, and intentional infliction of emotional distress.  In those allegations, Plaintiff makes no assertions that Defendant was negligent.  Nonetheless, Plaintiff brings two causes of action based on negligence: Claim Five alleging negligent infliction of emotional distress, and Claim Six alleging negligence.  These claims should be dismissed because Plaintiff alleges no facts which, taken as true, would support a claim for negligence.

Second, in her prayer for relief, Plaintiff requests exemplary damages, treble damages, and special damages. Each of these requests cannot be supported as a matter of law and should be stricken.

In addition to dismissing Claims Five and Six with prejudice and striking certain portions of the Prayer for Relief, Defendant requests that the Court strike the remainder of the Complaint and accompanying exhibits because they are antithetical to Rule 8's requirement of a short and plain statement of the facts. Plaintiff's Complaint includes 34 purported screen shots of text messages between her and Defendant, 11 pictures that she claims are pictures of a transcript of an audio recording between her and Defendant[1], and lengthy quotes from a prior proceeding. Further, Plaintiff attaches to the Complaint the following: six exhibits totaling 55-pages that Plaintiff alleges are transcripts of recordings Plaintiff secretly made of conversations between her and Defendant (Exhs. 2-5, 7-8); three pages of alleged text messages from her and Defendant (Exh. 1); one alleged email chain belonging to Defendant (Exh. 10); one alleged screen shot from Defendant's phone (Exh. 11); and numerous documents, including a 72-page transcript, from a plea deal Defendant entered into as a result of an alleged domestic incident between Plaintiff and Defendant (Exhs. 6, 9, 12, 13). These evidentiary submissions—as opposed to permissible allegations—raise evidentiary concerns that Defendant should not have to confront at the pleading stage. Instead of a short and plain statement, Plaintiff's Complaint is a 40-page tirade filled with scandalous and inadmissible content meant to embarrass Defendant and attract media attention. Accordingly, Defendant requests that the Complaint and Exhibits be stricken with leave to re-file an amended complaint.

---

[1] These alleged secret recordings were made without Defendant's knowledge or consent.

**I.      Claims Five and Six should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to state facts to support these claims.**

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1245 (10th Cir. 2008) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)).  Under this standard, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *TKO Energy Services, LLC v. M-I L.L.C.,* 539 Fed App'x 866, 871 (10th Cir. 2013) (quoting *Gee v. Pacheco,* 627 F.3d 1178 (10th Cir. 2010)).  Said differently, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Complaint does not contain any allegations to support a claim of negligence or negligent infliction of emotional distress; instead, all of the allegations assert intentional conduct. Under Colorado law, an intentional act is not a basis for a negligence claim.  *Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 604 (Colo. App. 2000) (holding that sexual assault, as an intentional act, cannot form the basis for a claim of negligence); *Coffman v. Godsoe*, 142 Colo. 575, 588, 351 P.2d 808, 816 (1960) (holding that negligence does not involve "a conscious choice of a course of action either with knowledge of the serious danger . . . or with knowledge of facts which would disclose this danger . . . ."); *Benavidez v. United States*, 177 F.3d 927, 931 (10th Cir. 1999) ("Of course, a mere allegation of negligence does not turn an intentional tort into negligent conduct.")

The Complaint makes no factual allegations as to the existence of a duty of care giving rise to a claim of negligence or negligent infliction of emotional distress, or as to any negligent

conduct actually engaged in by Defendant. Instead, in pleading negligent infliction of emotional distress, Plaintiff relies on the bald statement, with no factual support, that Defendant owed Plaintiff a duty of care and his "breach of that duty, his negligence, created an unreasonable risk of physical harm . . . ." Compl. ¶ 57(b). In pleading her negligence claim, Plaintiff does not even make conclusory allegations of negligence, she specifically alleges intentional conduct. Plaintiff alleges that Defendant was negligent because he "subject[ed] her to the care of an unqualified individual [he] held out as a physician, violat[ed] her physical and emotional boundaries, engag[ed] in 'crazy making,' and other acts . . . ." Compl. ¶ 58(b). There are no factual allegations as to what the alleged negligence was. Because there is no factual support, these claims fail as a matter of law.

Because Plaintiff has not plead any negligent conduct, and intentional acts do not support a claim for negligence, the Fifth and Sixth claims for relief based on negligence should be dismissed pursuant to Rule 12(b)(6).

**II.     Plaintiff's claims for exemplary damages, treble damages, and special damages should be stricken.**

In her Prayer for Relief, Plaintiff requests among other things, exemplary damages, treble damages, and special damages. Compl. ¶ 59(a), (d), and (e). Each of these requests should be stricken.

First, Plaintiff's claim for exemplary damages should be stricken because under C.R.S. § 13-21-102(b)(1.5)(a) a plaintiff cannot include a claim for exemplary damages in an initial claim for relief. *Martin v. State Farm Mutual Ins. Co.,* No. 14-cv-03509-KMT, 2015 WL 5308063 (D. Colo. Sept. 11, 2015); *Hendrickson v. Doyle*, No. 14-cv-02013-WJM-KLM, 2015 WL 2106225, *2 (D. Colo. May 4, 2014).

Second, Plaintiff's request for treble damages should be stricken because she does not plead a claim that would entitle her to treble damages. Treble damages are a right created by statute. *See Toy v. Am. Fam. Mut. Ins. Co.,* No. 12-cv-01683-PAB-MJW, 2014 WL 486173, (D. Colo. Feb. 6, 2014) (citing cases discussing awards of punitive damages at common law and treble damages pursuant to statute). Plaintiff pleads six common law claims; she does not plead any statutory claim that would entitle her to treble damages.

Third, Plaintiff's claim for special damages should be stricken. Special damages are "not the usual and natural consequence of the wrongful act complained of." *DerKevorkian v. Lionbridge Technologies, Inc.,* 2006 WL 197320, *4 (January 26, 2006) (quoting *Bueno v. Denver Pub. Co.,* 32 P. 3d 491, 406 (Colo. App. 2000)). Both Colorado law and the Federal Rules of Civil Procedure require that special damages be "specifically pled and proved." *Id.*; Fed. R. Civ. P. 9(g) ("If an item of special damages is claimed, it must be specifically stated."). A conclusory prayer for relief is not sufficient. *Id.* Plaintiff provides no specificity as to the special damages she alleges, instead, she says only that she seeks "general, compensatory and special damages in an amount according to proof at trial . . . ." Compl. ¶ 59(a). Because Plaintiff did not plead special damages with specificity, exemplary damages cannot be plead in an initial Complaint, and there are no claims plead that allow for treble damages, each of these requests should be stricken.

### III. The Complaint and Exhibits should be stricken pursuant to Rule 12(f) and 41(b) for failure to conform to Rule 8's requirements.

Federal Rule of Civil Procedure 8(a)(2) states that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This provision has been interpreted as both a floor and a ceiling: "'It is sufficient, and indeed all that is permissible,

if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary *or permissible*.'" *Frazier v. Ortiz*, 2007 WL 10765 (10th Cir. 2007) (emphasis original) (quoting *New Home Appliance Ctr. v. Thompson,* 250 F.2d 881, 883 (10th Cir. 1957)).

A court may dismiss or strike a complaint that does not comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s short and plain statement requirement. *Toevs v. Reid,* 267 Fed. Appx. 817, 2008 WL 598287, *1 n. 2 (10th Cir. March 4, 2008); *Low v. Chu,* No. 09-cv-398-CVE-PJC, 2009 WL 3104040 (N.D. Okla. Sept. 21, 2009). Further, Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Kimpton Hotel & Rest. Grp., LLC v. Monaco Inn, Inc.*, No. CIV.A. 07-CV-01514-W, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008). Immaterial matter is "that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material." *Webster v. Nations Recovery Center, Inc.,* No. 09-cv—01685-WYD-MEH (quoting *Dean v. Gillette*, No. Civ.A.04–2100JWL–DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004)). When the Complaint contains inadmissible material, a motion to strike is appropriate. *See Kimpton Hotel*, 2008 WL 1404088 at *1.

Plaintiff's Complaint is not a short and plain statement of facts as to why she is entitled to relief. Instead it is incendiary, repetitive, and filled with unnecessary particulars and likely inadmissible material. The 40-page Complaint contains 34 purported screen shots of text messages between Plaintiff and Defendant and 11 pictures that Plaintiff claims are pictures of a

transcript of a secret audio recording of her and Defendant made without Defendant's knowledge or consent.  Attached to the Complaint are six exhibits that Plaintiff claims are transcripts of audio recordings of her and Defendant (Exhs. 2-5, 7-8); three pages of alleged text messages between her and Defendant (Exh. 1); one alleged email chain belonging to Defendant (Exh. 10); one alleged screen shot from his phone (Exh. 11); the plea deal the Defendant signed as a result of domestic violence charges (Exh. 12) and the full 72-page transcript from his sentencing hearing after reaching a plea agreement (Exh. 9).

First, the inclusion of pictures that purport to be screen shots of text messages and transcripts, as well as the exhibits, removes the Complaint from the province of a short and plain statement of the facts and instead seeks to contaminate this case with purported evidence for which there is no contemporaneous support for its veracity.[2]  In *XY Skin Care and Cosmetics, LLC v. Hugo Boss USA, Inc.,* the court struck images from a complaint as improper evidentiary submissions holding that the inclusion of digital images was inappropriate for a pleading and inconsistent with Fed. R. Civ. P. Rule 10.  No CV-08-1467-PHX-ROS, 2009 WL 2382998, *2 (D. Ariz. Aug. 4, 2009).  The court explained that Rule 10 "outlines the proper form for pleadings and makes limited provision for the incorporation of evidence, restricting evidentiary submissions to 'written instrument[s]' and requiring such submissions be attached as 'exhibit[s].'" *Id.*  In the context of Rule 10, written instruments are limited to documents "evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *Id.*

---

[2] Plaintiff's inattention to detail also calls into question the veracity of the allegations.  On several occasions Plaintiff uses quotation marks suggesting a direct quote from Defendant and immediately below the alleged quote includes an alleged screen shot of the conversation that is different than the quoted material.  *See e.g.* Compl. ¶ 32, 42.

The images included in Plaintiff's Complaint and the attached exhibits are not short and plain statements of facts, are not written instruments, and have no place in or attached to the Complaint. As currently pled, the Complaint would require an extensive point-by-point answer by Defendant on allegations regarding unauthenticated text messages, emails, screen shots and images that is contrary to Rule 8's requirement of a short and plain statement.

Second, the Complaint's deviation from Rule 8's short and plain pleading standard prematurely raises evidentiary issues that Defendant should not have to grapple with at the pleading stage. At least three evidentiary issues are raised by Plaintiff's tactical decision to incorporate unnecessary and extraneous material in the Complaint: hearsay, completeness, and authenticity.

- The Complaint contains likely inadmissible hearsay including four supposed quotations from Mr. Hecht's sentencing hearing ( Compl. ¶ 2), the 72-page transcript from Mr. Hecht's sentencing hearing (Exh. 9), Mr. Hecht's plea deal (Exh. 13), and numerous statements allegedly made by Plaintiff (*see e.g*. Compl. ¶¶ 12, 15, 29, 40).
- The Complaint contains incomplete evidence. The purported text messages and transcripts of audio recordings—both imbedded in the Complaint and attached as exhibits—are excerpts from larger conversations or interactions that are selectively excerpted. Under FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part— or any other recorded statement—that in fairness ought to be considered at the same time." Because these incomplete writings and audio recordings are included in the Complaint, before Defendant has had an opportunity to collect the full text history or

recordings through discovery, he is unfairly prejudiced by their inclusion and would be at an obvious disadvantage in answering those allegations.

- The evidence included in the Complaint cannot be authenticated at this time. To be admissible, the proponent must produce evidence sufficient to support a finding that the item is what the proponent says it is. FRE 901(a). At this juncture, there is no supporting evidence that the purported text messages between Plaintiff and Defendant are in fact text messages between them or that the secretly recorded conversations are complete and unaltered. Similarly, there is no evidence that the audio recordings were in fact of Defendant or that when they were allegedly transcribed, the transcriptions were accurate, or even that the recordings were lawfully made. Finally, in the Complaint there is no support that the supposed email from Defendant's account (Exh. 10) and purported screenshot from his phone (Exh. 11) are what Plaintiff says they are or, again, that they were lawfully obtained. Without any corroboration of these materials, there is no current support for their authenticity.

Defendant should not be required to respond to what amounts to unnecessary voluminous submissions of potentially inadmissible evidence simply to answer the Complaint. While these evidentiary issues will undoubtedly be litigated as the matter progresses, Defendant would be unduly prejudiced by being forced to confront those matters at this early stage.

Third, the Complaint is unnecessarily redundant and incendiary, repeating those allegations that Plaintiff believes are the most salacious and therefor newsworthy. For example, Plaintiff uses an alleged quote about her teeth being knocked out five different times throughout the Complaint—in the introduction, in the general allegations, a screen shot of the alleged quote,

in her allegations for assault, and as an exhibit. Compl. ¶ 1, ¶ 40 (at page 29), ¶ 47(a), Exh. 4, 5:23-25. Even assuming arguendo that the quote is consistent with Rule 8, repeating it four different times and adding it as an exhibit is not. Plaintiff does this with numerous allegations in the Complaint, first stating the allegation and then, unnecessarily adding a purported screen shot of the same thing. *See e.g.,* Compl. ¶¶ 30, 39, 40, 42. This repetition of incendiary material serves no valid purpose, is apparently included simply to draw media attention, and should be stricken. *See Am. Family Mut. Ins. Co. v. Minor,* No. 06-CV-02288-LTB-MJW, 2007 WL 4365694, at *1 (D. Colo. Dec. 10, 2007) ("Lawsuits are to be tried in the courts based upon competent admissible evidence and not in the media."). For all of these reasons, the Complaint should be stricken for failure to comply with Rule 8.

**WHEREFORE,** Defendant respectfully requests that pursuant to Rule 12(b)(6), the Court dismiss Claims Five and Six with prejudice. Further Defendant requests the Court strike Plaintiff's requests for exemplary, treble, and special damages. Finally, Defendant request the Court strike the remainder of the Complaint and Exhibits for failure to comply with Rule 8, with leave to re-file an amended complaint as requested herein.

Dated: May 23, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Douglas B. Tumminello*
Michael D. Plachy
Douglas B. Tumminello
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
Telephone: 303.623.9000
Email: mplachy@lrrc.com
dtumminello@lrrc.com

RIDLEY, MCGREEVY & WINCOUR, P.C.
Marci G. LaBranche
David M. Tenner
Shanelle N. Kindel
303 16th Street, Suite 200
Denver, CO 80202
Telephone:     303.629.9700
Email: labranche@ridleylaw.com
            tenner@ridleylaw.com
            kindle@ridleylaw.com

*Attorneys for Defendant Nikos Hecht*