IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-CV-00686-KLM

BROOKE LAUREN WARFEL,

       Plaintiff,

  v.

NIKOS HECHT,

       Defendant.

---

**PLAINTIFF'S RESPONSE TO HECHT'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND TO STRIKE COMPLAINT AND EXHIBITS
PURSUANT TO FED. R. CIV. P. 12(f) AND 41(b)**

---

1.    Nikos Hecht ("Hecht") engaged in a pattern of domestic abuse against the plaintiff

Brooke Warfel ("Ms. Warfel"), culminating in his domestic violence guilty plea. Hecht subjected

Ms. Warfel to a pattern of physical and emotional abuse, which abuse included threats of violence,

blackmail, physical and verbal assault, and various forms of pressure and coercion to force her to

get multiple abortions, one of which was facilitated by a dubious doctor in Mexico under unsafe

and hazardous conditions, against medical advice, and that she did not want. Hecht, a drug user,

tried to mask the aftermath of the botched procedure by inundating Ms. Warfel with illegally

obtained prescription drugs. Ms. Warfel seeks to recover damages for the abuse she suffered. As

detailed below, her claims were pled consistent with the requirements of Fed. R. Civ. P. 8.

2.    Hecht moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), 12(f)

and 41(b) (the "Motion"). One of the driving themes of the Motion is that the Complaint is

*too* detailed, arguing that such details unnecessarily embarrass Hecht. But that is the result

of Hecht's acts, not any impropriety on the part of Ms. Warfel. Hecht's actions and words, which form the basis of Ms. Warfel's suit against him, are what they are. Those specific acts by Hecht form the predicate for Ms. Warfel's claims, regardless of how "bad" they make Hecht look.

3.      Further, there is no prejudice to Hecht as many of the allegations complained about were previously included in publicly-filed materials, either in the criminal or related proceedings or were stated in open court. Thus, the information is already part of the public record in Colorado. Certain information was also publicly-reported in the *Aspen Times* and other local newspapers. For this reason alone, it seems that Hecht's claim that the information is damaging or otherwise prejudicial falls under its own weight. Notably, if Ms. Warfel had not detailed the facts supporting her claims, Hecht would assuredly have moved to dismiss taking the opposite position, *to wit:* that she failed to include the necessary allegations to support her claims.

## I.      SUMMARY OF THE ARGUMENTS

4.      The Motion argues that the Complaint: 1) fails to meet the requirements of Fed. R. Civ. P. 12(b)(6) with regard to the negligence claims because Ms. Warfel's allegations set forth only intentional torts; 2) fails to comply with Fed. R. Civ. P. 8's pleading standard and violates Fed. R. Civ. P. 12(f) because it is too detailed and includes redundant, immaterial, impertinent, or scandalous information; 3) improperly seeks recovery for treble damages, special damages, and exemplary damages; and, 4) should have certain exhibits and content stricken because they are unauthenticated, contain hearsay or are otherwise inadmissible. Hecht's arguments are not supported by applicable authority and should be summarily rejected.

5.      *First*, Ms. Warfel properly pled *in the alternative* theories of negligence and intentional torts as allowed by Fed. R. Civ. P. 8. *Second*, given the subject matter of the suit, details

of Hecht's actions and words are relevant to describe the nature of the claims plead by Ms. Warfel. *Third*, Ms. Warfel properly pled special damages, exemplary damages, and treble damages because under Colorado law she has already established a prima facie case of entitlement to the same, and Ms. Warfel properly detailed examples of special damages in the Complaint. *Fourth*, the Court must assume the truth of all allegations made against Hecht and, accordingly, Hecht's arguments regarding authenticity and admissibility are improper at this stage of the proceedings. And, finally, Fed. R. Civ. P. 10 does not—as Hecht argues—prohibit the inclusion of text messages and emails in the body of the Complaint. For these reasons, the Motion should be denied.

## II.    STANDARD OF LAW

### A.  Rule 12(b)(6)

6.    For purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.[1] "The Court's function on a [Fed. R. Civ. P.] 12(b)(6) motion . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim."[2] "A complaint must be dismissed pursuant to [Fed. R. Civ. P.] 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim has facial plausibility when the pleaded factual content

---

[1] *Aldrich v. DIRECTV, Inc.*, No. 14-CV-02854-MJW, 2015 WL 2443871, at *1 (D. Colo. May 20, 2015) (citing *Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1124, 1126–27 (10th Cir.1998); *Seamons v. Snow,* 84 F.3d 1226, 1231–32 (10th Cir.1996)).

[2] *Id.* (citing *Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Inv. II, LLC,* 2014 WL 4400764, at *2 (D. Colo. Sept. 5, 2014)).

[3] *Id.* (citing *Cutter v. RailAmerica, Inc.,* No. 07-CV-01068-WDM-MEH, 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[4] The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[5]

### B. Rule 12(f)

7.      Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[6] The essential function of a Rule 12(f) motion is to, "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[7] However, "[s]triking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under [Fed. R. Civ. P.] 12(f) generally are disfavored."[8] Because of this, "[m]otions under [Fed. R. Civ. P.] 12(f) are viewed with disfavor and are rarely granted."[9]

---

[4] *Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp.*, 801 F.Supp.2d 1163, 1177 (D.N.M. 2011) (citing *Ashcroft v. Iqbal,* 556. U.S. 662 (2009)).

[5] *Id.* (quoting *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012)).

[6] *AIG Annuity Ins. Co. v. Law Offices of Theodore Coates, P.C.*, No. 07-CV0-1908-EWN-KMT, 2008 WL 4079982, at *5 (D. Colo. Sept. 2, 2008) (citing Fed. R. Civ. P. 12(f)).

[7] *Molnar v. 1-800-Flowers.com, Inc*., No. CV 08-0542 CAS JCX, 2008 WL 4772125, at *3 (C.D. Cal. Sept. 29, 2008) (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds,* 510 U.S. 517 (1994)).

[8] *Fed. Nat'l Mortgage Ass'n v. Milasinovich*, No. CV 15-0627 JB/WPL, 2016 WL 1411256, at *8 (D.N.M. Mar. 30, 2016) (internal citations omitted).

[9] *Salazar v. Furr's, Inc.*, 629 F.Supp. 1403, 1411 (D.N.M. 1986) (citing *Augustus v. Board of Pub. Instruction of Escambia County, Florida,* 306 F.2d 862, 868 (5th Cir.1962)).

8.      A motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.[10] If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion.[11] Some courts also refuse to grant Fed. R. Civ. P. 12(f) motions unless prejudice would result to the moving party from denial of the motion.[12] With a motion to strike, just as with a motion to dismiss, the Court should view the pleading in the light most favorable to the nonmoving party.[13]

## III.    ARGUMENT AND AUTHORITIES

### A. Ms. Warfel's Negligence Claims Are Properly Pled and Should Not Be Dismissed.

9.      Ms. Warfel brought claims against Hecht for four intentional torts and two corresponding negligence actions plead in the alternative. The intentional torts are Assault, Battery, Intentional Infliction of Emotional Distress and False Imprisonment. Compl. at ¶¶ 46-55. She also plead claims for negligent infliction of emotional distress and negligence. Compl. at ¶¶ 56-58. By his Motion, Hecht argues that the negligence claims should be dismissed because, according to him, the allegations only support the intentional conduct (and, thus, only support the intentional tort claims), and that the Complaint is devoid of allegations regarding any duty of care owed by Hecht to Ms. Warfel.  Motion at 2-3. Hecht is wrong on both counts.

10.      First, under Fed. R. Civ. P. 8(d)(2) and (3) a plaintiff is entitled to plead claims alternatively or hypothetically, and may do so in a single count or separately:

> (2) *Alternative Statements of a Claim or Defense.* A party may set
> out 2 or more statements of a claim or defense alternatively or

---

[10] *Platte Anchor Bolt, Inc. v. IHI, Inc.,* 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (internal citation omitted).

[11] *Id.* (citing *In re 2TheMart.com, Inc. Sec. Litig.,* 114 F.Supp.2d 955, 965 (C.D.Cal.2000)).

[12] *Id.* (citing *United States v. 729.773 Acres of Land,* 531 F.Supp. 967, 971 (D. Haw. 1982)).

[13] *Id.* (internal citation omitted).

> hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Fed. R. Civ. P. 8(3) is clear that a plaintiff may state as many claims as she has, **regardless of consistency**:

> (3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

Ms. Warfel has sufficiently plead her negligence *and* intentional tort claims using Hecht's own words and admissions.

11.     Further, it is well established that a negligence claim is well stated where it is based on circumstances where a duty exists;[14] the same is true for the tort of negligent infliction of emotional distress.[15] As routinely noted by Colorado courts, "[a] legal duty to use reasonable care arises in response to a foreseeable risk of injury to others."[16] Given that "there is a general duty to refrain from causing harm to others," Hecht's argument that Ms. Warfel has failed to allege a duty owed is flawed.[17] Hecht undeniably owed a duty to Ms. Warfel not to cause her harm, which he violated, and Ms. Warfel adequately pled the same as well as the factual basis for her negligence claims in the Complaint.

12.     By example, the Complaint painstakingly details the circumstances surrounding Hecht's pressuring Ms. Warfel into an unwanted abortion in a foreign country by a healthcare provider with unknown qualifications. Compl. at ¶¶ 17-23. Hecht, it is alleged, had his "doctor" in

---

[14] *English v. Griffith*, 99 P.3d 90, 93 (Colo. App. 2004) (citing *Greenberg v. Perkins*, 845 P.2d 530, 533 (Colo. 1993)).

[15] *Id.* at 95 (citing *Slovek v. Bd. of County Comm'rs*, 697 P.2d 781, 783 (Colo. App. 1984)).

[16] *See e.g.*, *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 209 (Colo.1984).

[17] *Purvis v. Hamwi*, 828 F.Supp. 1479, 1484 (D. Colo. 1993) (citing 74 AM.JUR.2d, Torts. § 10).

Mexico facilitate a termination of Ms. Warfel's pregnancy against the advice of Ms. Warfel's US physician. Compl. at ¶¶ 18-19. The person Hecht entrusted to aide his fiancé was his all-purpose "doctor" who also apparently supplies Hecht with controlled substances. *Id.* at ¶ 19. Hecht knew or should have known that this person's qualifications were at best dubious. It can hardly be suggested that Hecht did not owe a duty of care to his fiancé, who was then carrying his unborn child. The procedure resulted in a host of medical complications for Ms. Warfel. After the partially successful procedure and in response to the intense pain, Hecht plied Ms. Warfel with medication that was not prescribed to her.  Ms. Warfel, in attempting to deal with the excruciating pain, became dependent on this controlled substance, which triggered months of recovery from addiction. When she was on the path to recovery, Hecht—despite knowing that Ms. Warfel was battling dependency—continued to push Percocet and other drugs on Ms. Warfel to facilitate his ability to manipulate and control her. Interfering with her recovery is, at best, also negligent conduct. Compl. at ¶ 35. Because there was a foreseeable risk of injury to Ms. Warfel and no dispute that Hecht had a duty of care to Ms. Warfel, Hecht's argument that the negligence claims were not adequately plead should be dismissed out of hand.

13.     The case relied upon by Hecht does not stand for the proposition that Ms. Warfel cannot bring both a negligence and intentional tort claim in the same count. Hecht cites *Sandoval v. Archdiocese of Denver* for his statement that "[u]nder Colorado law, an intentional act is not a basis for a negligence claim." Motion at 3 (citing 8 P.3d 598, 604 (Colo. App. 2000)). But Hecht misapprehends the case and omits a critical distinction: in *Sandoval,* the plaintiff was seeking to recover for sexual assault alone. In that case, the court held that an assertion of negligence could not double as an assertion for the intentional tort of sexual assault because, "the perpetrator of a

sexual assault commits an intentional act, and no claim for negligence can, as a matter of law, be asserted against him or her."[18] Here, Ms. Warfel's claims are for *assault*, *battery*, *intentional infliction of emotional distress*, as well as *negligence*. This factual difference renders the *Sandoval* holding inapposite.

14.     Under these circumstances, if the jury were to conclude that Hecht committed certain acts against Ms. Warfel, but determined that he did so by violating a legal duty rather than intentionally, the jury would be entitled to find—and therefore Ms. Warfel is entitled to plead— that Hecht acted negligently. For this reason, the Court should deny the Motion as to her Fifth and Sixth causes of action.

**B.  Ms. Warfel's Request for Exemplary, Specific, and Treble Damages is Appropriate.**

**1.  Ms. Warfel's Claim for Exemplary Damages is Proper.**

15.     Pursuant to Colorado law, an award of exemplary damages is permissible when, "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct."[19] Although it is true that the Colorado statute prohibits the inclusion of a claim for exemplary damages in any initial claim for relief in a federal action,[20] as noted by the District of Colorado in *Golder Associates v. Edge Environmental Inc.*, if the plaintiff establishes a prima facie

---

[18] 8 P.3d 598, 604 (Colo. App. 2000) (citing *Allstate Ins. Co. v. Troelstrup*, 789 P.2d 415 (Colo. 1990); *Nikolai v. Farmers Alliance Mut. Ins. Co.*, 830 P.2d 1070 (Colo. App. 1991)) (both discussing sexual assault).

[19] *Colorado & Santa Fe Real Estate Co. v. Hartford Cas. Ins. Co.*, No. 10-CV-00405-MSK-KMT, 2010 WL 3714751, at *1 (D. Colo. Sept. 14, 2010) (citing Colo. Rev. Stat. § 13–21–102(1)(a)).

[20] *See Golder Assocs., Inc. v. Edge Envtl., Inc.*, No. 06-CV-01260-WYD-BNB, 2007 WL 987458 at * 5 (D. Colo. March 30, 2007) (citing *Witt v. Condos. at the Boulders Ass'n*, No. 04-CV-02000-MSK-OES, 2006 WL 348086 (D.Colo. Feb. 13, 2006) (dismissing a claim for exemplary damages under Colo. Rev. Stat. § 31-102(1.5)(a)); *see also American Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, No. 05-CV-01870-LTB-BNB, 2007 WL 160951 (D. Colo. Jan. 17, 2007).

basis for awarding exemplary damages at trial, the complaint may be amended.[21] Here, Hecht has already admitted criminal culpability for the conduct that is a predicate for these damages.  Thus, unlike in a typical case, here the prima facie case is already established. This is precisely why it is important for much of the allegedly extraneous material to be included in the Complaint: the allegations establish the prima facie case for exemplary damages.

16.      "Prima facie proof of a triable issue of exemplary damages is established by 'a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution.'"[22] The two cases cited by Hecht, *Hendrickson v. Doyle* and *Martin v. State Farm Mutual Automobile Insurance Company*, are factually distinguishable as neither involves a case where the wrongdoer has already *admitted* liability to at least certain of the underlying claims.[23] The case at hand presents a unique situation whereby there *is* a prima facie basis for awarding exemplary damages at the time of the filing of the initial Complaint because Hecht has already admitted to assaulting Ms. Warfel in a criminal proceeding; he pled guilty to committing an act of domestic violence and harassment involving a shove, strike or kick and including domestic violence against Ms. Warfel. Compl. at ¶ 40; Compl. Ex. 9 at 4, 8.

17.      More specifically, when Hecht pled guilty to harassment involving a "shove, strike, or kick," he agreed he was accountable for a "crime against a person . . . when used as a method of coercion, control, punishment, intimidation or revenge directed against that person with whom

---

[21] *Id.*

[22] *Id.*

[23] No. 14-CV-02013-WJM-KLM, 2015 WL 2106225 at *3 (D. Colo. May 4, 2015) (quoting *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007)); No. 14-CV-03509-KMT, 2015 WL 5308063 (D. Colo. Sept. 11, 2015) (internal citations omitted).

[he] had an intimate relationship." Compl. at ¶ 41. During Hecht's sentencing, the Aspen County judge accepting Hecht's plea described the two days in late July that gave rise to the guilty plea as "a night of terror. It was a night of terror that lasted for two days." Compl. Ex. 9 at 24. The court also recognized the pattern of abuse that was evident on that night, as was evident from the remainder of Hecht's relationship with Ms. Warfel, "I think the obsessive nature of—of the power and control and the abuse that you exhibited in what I have as the transcript." Compl. Ex. 9 at 25.

18.     During his plea, Hecht admitted that the events of that night constituted domestic violence:

| The Court: | An act of domestic violence in the statute is a—is defined as an act or threatened act of violence upon a person with whom you have been involved in an intimate relationship. Would you agree? |
|---|---|
| Hecht: | I agree with that. |
| The Court: | Okay. It also includes any other crime against a person or against property when used as a method of coercion, control, punishment, intimidation or revenge directed against that person with whom you have an intimate relationship. Would you agree that that— |
| Hecht: | I agree with that. |
| The Court: | That is something that you are accountable for. |
| Hecht: | I've given a lot of thought to it and I feel I am. |
| The Court: | Okay. Good. So you're here to be accountable . . . |
| Hecht: | I am . . . |
| The Court: | . . . for your acts of domestic violence . . . |
| Hecht: | I am. |

Hr'g Tr. 10:10-11:6, Compl. Ex. 9. He did so again when he signed the guilty plea: "I acknowledge

that the underlying factual basis of this crime has been found by the court on the record to include

an act of Domestic Violence, as defined in C.R.S. 18-6-800.3(a). . . ." Compl. Ex. 13. Hecht's

abusive actions continued after the assault. For example, he called and texted Ms. Warfel over 100

times trying to manipulate her into recanting. Compl. at ¶¶ 42-45.

Hecht's admissions along with the evidence brought forth in the Complaint, and prior

judicial findings regarding Hecht's culpability, create a prima facie case that Ms. Warfel is entitled

to exemplary damages and, therefore, under the specific facts alleged here the claim for exemplary

damages should remain.

### 2.   Special Damages

19.     Federal procedural law requires that special damages be pled with specificity.[24]

However, "[s]pecial damages depend on particular circumstances of the case; general damages, on

the other hand, are the ordinary result of the conduct alleged."[25] The Complaint describes a number

of special damages. For example, the Complaint begins by stating that Ms. Warfel suffered

"tremendous physical and emotional hardship, from which she is still recovering and some of

which she may never overcome." Compl. at ¶ 8. The Complaint also explains that as a result of

the abortion and subsequent "healthcare" provided to her at Hecht's direction and insistence, Ms.

Warfel suffered "excessive bleeding, more pain, and the psychological trauma of a botched

abortion." Compl. at ¶23. The Complaint further describes Ms. Warfel's resulting addiction to pain

---

[24] *See* Fed. R. Civ. P. 9(g); *Weyerhaeuser Co. v. Brantley,* 510 F.3d 1256, 1266 (10th Cir.2007).

[25] *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-CV-01398-PAB-KLM, 2011 WL 2415167, at *2 (D. Colo. June 10, 2011) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1310 (3d ed. 2005)).

medication. *See, e.g.,* Compl. at ¶21. Ms. Warfel also alleged the existence of physical, emotional and psychological injuries due to other conduct by Hecht. Compl. at ¶58(e).

20.     Taken together or alone, these allegations are sufficient to support special damages under Fed. R. Civ. P. 9(g).

**3.  Treble Damages**

21.     Hecht is simply wrong when he argues that treble damages can only be recovered for statutory violations. *See* Motion at 5. Under Colo. Rev. Stat. Ann. § 13-21-102, exemplary damages are available, "[i]n all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct . . . ."[26] The same statute then provides that a, "court may increase any award of exemplary damages to a sum not to exceed three times the amount of actual damages . . . ."[27] This statutory provision flies in the face of Hecht's statement to the contrary.

22.     The only case Hecht cites, *Toy v. Am. Family Mut. Ins. Co.*, fails to address the recoverability of treble damages and neither do the cases *it* cites. Motion at 5 (citing *Toy v. Am. Family Mut. Ins. Co.*). The *Toy* decision merely states that "Colorado courts are reluctant to inform the jury of treble damages because such information 'may tend to confuse or prejudice a jury into reducing its eventual award' and thereby frustrate the goal of deterring improper conduct and promoting private enforcement of the statute."[28]

---

[26] Colo. Rev. Stat. Ann. § 13-21-102.

[27] Colo. Rev. Stat. Ann. § 13-21-102(3).

[28] *Toy v. Am. Family Mut. Ins. Co.*, No. 12-CV-01683-PAB-MJW, 2014 WL 486173, at *1 (D. Colo. Feb. 6, 2014) (citing *Heritage Vill. Owners Ass'n, Inc. v. Golden Heritage Investors, Ltd.,* 89 P.3d 513, 518 (Colo. App. 2004))

23. Hecht has provided no authority for his argument that Ms. Warfel is unable to recover treble damages for her claims. Accordingly, the Motion should be denied as it pertains to the damages arguments as well.

### C. Ms. Warfel's Complaint is Not Subject to Dismissal Based on a Purported Failure to Meet the Pleading Requirements of Fed. R. Civ. P. 8.

24. Hecht also seeks to have Ms. Warfel's Complaint dismissed because it is purportedly "too" detailed and its contents "embarrass" him. As stated above, Hecht's embarrassment is the result of his own conduct, not any actions on the part of Ms. Warfel. Fed. R. Civ. P. 8 requires plaintiffs to include in their pleadings a, "short and plain statement of the claim showing that the pleader is entitled to relief. . . ." in order to give fair notice to the opposing party of the basis for the claims.[29] Certainly, Ms. Warfel's Complaint does exactly this.

### 1. Hecht's Fed. R. Civ. P. 12(f) Motion to Strike is Insufficiently Specific to Prevail.

25. A Rule 12(f) motion must specifically explain why the offending passages are unfair, improper or immaterial.[30] In addition, a "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be

---

(evaluating statutory damages under the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6–1–113(2)); *see also Campos–Orrego v. Rivera,* 175 F.3d 89, 96 (1st Cir.1999) (noting that informing the jury of a statutory multiplication of damages creates "the danger that a jury may reduce a plaintiff's award" accordingly (internal quotation marks omitted)); *HBE Leasing Corp. v. Frank,* 22 F.3d 41, 47 (2d Cir.1994) (holding that district court did not err in precluding defendant from informing jury of RICO treble damages provision); *Semke v. Enid Auto. Dealers Ass'n,* 456 F.2d 1361, 1371 (10th Cir.1972) (finding error where trial court informed the jury that its award of damages would be trebled under antitrust statute).

[29] *Pierre v. Aurora Loan Services, LLC,* No. 14-CV-01572-BNB, 2014 WL 11269955 at *1 (D. Colo. Sept. 8, 2014).

[30] *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.,* No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009).

denied."[31] Hecht has failed to show how the information he complains about fails to bear on Ms. Warfel's claims.

26.     Further, defendants seeing to strike materials under Fed. R. Civ. P. 12(f) must make, "specific allegations of prejudice," "[g]iven their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief."[32] Hecht's Motion contains the complaints of a disgruntled abuser but fails to meet the requirements of Fed. R. Civ. P. 12(f).

### 2.   Ms. Warfel's Complaint Contains Information Material to Her Claims.

27.     Hecht attacks the Complaint as containing "immaterial matter." Motion at 6. He describes the Complaint as, "incendiary, repetitive, and filled with unnecessary particulars and likely inadmissible material." *Id.* Hecht is incorrect.

28.     Colorado law, specifically, Colo. Rev. Stat. § 18–6–801.5(1), recognizes that, "domestic violence is frequently cyclical in nature, involves patterns of abuse, and can consist of harm with escalating levels of seriousness."[33] Because of the cyclical nature of domestic abuse, it is important to show the pattern of the abuse bestowed on Ms. Warfel. The factual predicate for her claims is significant and incendiary by its very nature.

29.     Colorado courts recognize that, "expert testimony is often necessary to explain victims' recantations, and the escalating nature of abusive relationships"[34] and "that the crux of

---

[31] *Wailua Assoc.'s v. Aetna Cas. and Surety Co.,* 183 F.R.D. 550, 553–54 (D. Haw. 1998).

[32] *Mag Instrument, Inc. v. JS Prod., Inc.,* 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (citing *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2008); *accord Sec. & Exch. Comm'n v. Sands,* 902 F.Supp. 1149, 1165–66 (C.D. Cal. 1995)).

[33] *Hills v. Figueroa*, No. CIV.A. 07-CV-02067-W, 2009 WL 2868845, at *4 (D. Colo. Sept. 3, 2009).

[34] *People v. Ruibal*, No. 13CA0276, 2015 WL 2203565 at *4 (Colo. App. 2015).

domestic violence is the exertion of power and control by the relationship's abusive member."[35] The United States Supreme Court has noted that, "[d]omestic violence often escalates in severity over time."[36] The information in the Complaint is relevant and shows the well-recognized cyclical and escalating pattern typical of domestic abuse as well as Hecht's exercise of power and control over Ms. Warfel. Based on this, inclusion of the exchanges between Ms. Warfel and Hecht, depicting this telltale escalating cycle, is relevant to establishing the basis of her claims.

30.    Although Hecht's actions towards Ms. Warfel consisted of words and threats for the majority of their time together, the conduct escalated to actual physical violence. Ms. Warfel was forced to file criminal charges against Hecht, including the fact that the strangled her to the point of choking and grabbed her, pulling her to the ground.  This resulted in Ms. Warfel slamming her head on the concrete, leaving bruises on her arm.  Hecht refused to let her leave his home, falsely imprisoning her for more than 12 hours. While evidently unpleasant to see in writing, the fact that Hecht badgered Ms. Warfel about sexual acts, former sexual partners, and threatened to "split her p***y to mouth" if she tried to leave are nonetheless relevant to the claims at issue.

31.    Moreover, these allegations were also widely publicized already so there is no prejudice to Hecht.  They were reported in various media outlets and in connection with the public criminal and related proceedings. Based on the above, Ms. Warfel's Complaint—reviewed in context—is adequately and appropriately drafted to put Hecht on notice of the claims against him while providing the Court sufficient information to overcome any Fed. R. Civ. P. 12(b)(6)

---

[35] *Id*. at *2.

[36] *United States v. Castleman*, 134 S. Ct. 1405, 1408, 188 L. Ed. 2d 426 (2014) (citing Brief for Major Cities Chiefs Association et al. as *Amici Curiae* 13–15; Brief for Nat'l Network to End Domestic Violence et al. as *Amici Curiae* 9–12.).

challenge. As a result, Ms. Warfel respectfully asks the Court to deny Hecht's request to strike the Complaint and any contents thereof based on Fed. R. Civ. P. 12(f).

### 3. Cases Dismissing Complaints for "Exceeding" Fed. R. Civ. P. 8's Requirements Are Inapplicable.

32.     Ms. Warfel's Complaint is not the kind typically dismissed on Fed. R. Civ. P. 12(f) grounds. The types of complaints typically dismissed for "exceeding" the requirement of Fed. R. Civ. P. 8, are usually filed by pro se plaintiffs and are so unintelligible by the abundance of allegations that the defendant cannot understand what claims are being asserted. [37] For example, this Court found a 73-page, <u>handwritten</u> complaint, with ten multi-paged "exhibit packages" in violation of Fed. R. Civ. P. 8 and therefore dismissed it.[38] Ms. Warfel's complaint is nothing like the jumbled complaints that are typically dismissed and there appears to be no instances of a case in this jurisdiction being dismissed on the basis of length or detail alone.

33.     Another example is *Johnson v. Pilmenstein*, where this Court held that a plaintiff violated Rule 8 of the Federal Rules of Civil Procedure because the complaint, "fail[ed] to set forth a short and plain statement of his claims showing that he is entitled to relief. His claims are repetitive, verbose and confusing."[39] The Court in *Johnson* ultimately directed the plaintiff to file a second amended complaint that, "allege[d] specific facts that demonstrate how each named defendant personally participated in the asserted … violations."[40]

---

[37] *Tassio v. Mullarkey*, No. 07-CV-02167, 2008 WL 3166149 at *10 (D. Colo. Aug. 5, 2008) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1160 (10th Cir. 2007)).

[38] *Brown v. Cooke*, No. 06-CV-01092-MSK-CBS, 2009 WL 641301 (D. Colo. March 9, 2009).

[39] *Johnson v. Pilmenstein*, No. 10-CV-01094-BNB, 2010 WL 3184152 at *2 (D. Colo. Aug. 10, 2010).

[40] *Id.* at 3.

34.     Hecht cites *Frazier v. Ortiz* to support his claim that Ms. Warfel violated Fed. R. Civ. P. 8. In *Frazier*, the pro se plaintiff's initial complaint was 149 pages and his amended complaint was 136 pages.[41] In that case, the plaintiff's complaint and amended complaint had many pages that were, "virtually unreadable because the print is too light."[42] Ms. Warfel's Complaint is less than a third of the length at 41 pages and is perfectly legible. Hecht also references *Toevs v. Reid*. Like in *Frazier*, the plaintiff in *Toevs* was pro se and had a 25-page, hand-written complaint pleading only one claim supported by 73 paragraphs. The plaintiff then submitted an amended complaint that was 23 pages and had five causes of action.[43] The Court distinguished the amended complaint submitted by Toevs from the complaint dismissed in *Mann* stating that in this complaint, "Mr. Toevs alleged violations of identifiable constitutional rights supported by factual assertions tethered to particular defendants [and therefore the court was] convinced that Mr. Toevs' amended complaint meets the requirements of [Fed. R. Civ. P.] 8(a)."[44] These cases have no application here. Ms. Warfel's Complaint plainly satisfies the requirements of Fed. R. Civ. P. 8 and Hecht should be required to file his answer so that the case can be at issue.

**4.   Hecht's Evidentiary Arguments Have No Place at the Pleading Stage.**

35.     Hecht argues that portions of the Complaint should be stricken because Hecht would be required to engage in an evidentiary inquiry regarding the authenticity of text messages,

---

[41] No. 06-1286, 2007 WL 10765 at *1 (10th Cir. 2007).

[42] *Id.*

[43] *Id.* at 3.

[44] *Id.*

emails, and screens shots. Hecht also challenges the included text message and email screen shots as improper under Fed. R. Civ. P. 10.

36.     First, for purposes of considering motions to dismiss under Fed. R. Civ. P. 12(b)(6) and 12(f), the Court must take everything in the Complaint as true.[45] It is black letter law that, "[t]he Court's function on a Rule 12(b)(6) motion . . . is **not to weigh** potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim."[46] Therefore, if Ms. Warfel alleged that Hecht did or said something, the Court must take it as true that Hecht did or said those things.[47] To the extent that an ambiguity exists, reasonable inferences are drawn in Ms. Warfel's favor. Therefore, all of Hecht's arguments about admissibility (including those regarding authenticity) are entirely superfluous at this stage.

37.     Second, Hecht objects to a number of statements on the basis of hearsay. Motion at 8. Among these allegedly hearsay statements are the transcripts of Hecht's sentencing hearing and Hecht's plea deal. *Id.* As the Court is well aware, any statement by Hecht is an admission by a party opponent and therefore admissible.[48] This also applies to the transcripts of conversations between Hecht and Ms. Warfel; Hecht's statements therein are also admissions by a party opponent. Regardless, these evidentiary issues are not ripe until the time of trial, not at this stage of the proceedings.

---

[45] *Aldrich, supra*; *Platte Anchor Bolt, supra*.

[46] *Id.* (citing *Spring Creek Exploration & Prod. Co.*, *supra*) (emphasis added).

[47] Hecht's attacks on the transcripts of conversations between him and Ms. Warfel is even more incredible given that this is the same transcript the judge who sentenced him listened to and relied on for sentencing. The identity of the people on the recording was certainly unrefuted at that time. And the sentencing judge noted with horror that based on the recording, Hecht had subjected Ms. Warfel to a "night of terror."

[48] Fed. R. Evid. 801(d)(2).

38.     Third, Hecht seeks to strike portions of the Complaint because Ms. Warfel included only portions of text messages and audio recordings. Motion at 8. Hecht cites Fed. R. Evid. 106 which is the basis of objections of "optional completeness."[49] But the text messages and emails have not been "introduced" pursuant to Fed. R. Evid. 106; such an introduction can only take place at trial. Hecht's objection underscores the dilatory nature of the Motion. Hecht spends pages of briefing arguing that Ms. Warfel provided *too much* detail and disclosed *too much* information regarding her relationship with Hecht. Yet, when Ms. Warfel chooses not to include the myriad of text messages and communications between her and her former boyfriend, Hecht now accuses her of providing insufficient information. In other words, she is damned if she does and damned if she doesn't. The excluded text messages, as Hecht is well aware, contain intimate conversations and photos that although at times relevant, did not need to be included at the pleading stage.

39.     Finally, Hecht cites Fed. R. Civ. P. 10 for the proposition that Ms. Warfel's inclusion of text message and email screenshots is inappropriate. Hecht cites *XYZ Skin Care and Cosmetics, LLC v. Hugo Boss USA, Inc.* for the proposition that "digital images" should be stricken. Motion at 7. A review of the court's opinion in *XZY Skin Care and Cosmetics* does not indicate what type of image was stricken. However, a "digital image" is not a text message or an email screenshot. Text messages and emails reflect textual content, not images. In other words, they are "written instruments" as required by Fed. R. Civ. P. 10. [50]

---

[49] *Id.*

[50] Ms. Warfel also notes, again, that Hecht's requests for relief continue to be premised on contradictory positions. By including the text messages and emails, Ms. Warfel provided actual evidence of the communications between herself and Hecht. Yet, at the same time, Hecht complains that the text messages and emails are insufficient because it is unclear whether they are in fact communications between Ms. Warfel and Hecht.

## IV. CONCLUSION

40. Based on the foregoing, the Motion should be denied in its entirety.

Dated: June 13, 2016

Respectfully submitted,
*/s/ Maria-Vittoria G. Carminati*

*/s/ Jennifer Altman_____*
*/s/ Markenzy Lapointe_____*
BOIES, SCHILLER & FLEXNER LLP
Jennifer Altman
Markenzy Lapointe
100 SE 2nd Street Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Fax: 305-539-1307
jaltman@bsfllp.com
mlapointe@bsfllp.com

*/s/ David A. Bovino_____*
David A. Bovino
BOVINO & ASSOCIATES
600 East Hopkins Ave., Suite 301
Aspen, Colorado 81611
Telephone: (970) 925-4445
david@bovinolaw.com

*/s/ Maria-Vittoria G. Carminati*
Maria-Vittoria G. Carminati
BOVINO & ASSOCIATES
337 Garden Oaks Blvd., #67701
Houston, TX 77018
Telephone: (281) 826-9552
giugi@bovinolaw.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 13, 2016, a true and correct copy of the foregoing document was filed via the CM/ECF system which caused it to be served upon the following by email:

*Counsel for Defendant Nikos Hecht*

Michael D. Plachy, Esq.
Douglas B. Tumminello, Esq.
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
mplachy@lrrc.com
dtumminello@lrrc.com

Marci G. LaBranche
David M. Tenner, Esq.
Shanelle N. Kindel, Esq.
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, CO 80202
labranche@ridleylaw.com
tenner@ridleylaw.com
kindel@ridleylaw.com

*/s/ Maria-Vittoria G. Carminati*
Maria-Vittoria G. Carminati