**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  16-CV-00686-MSK-KLM

**BROOKE LAUREN WARFEL,**

     Plaintiff,

v.

**NIKOS HECHT**,

     Defendant.

---

**PRELIMINARY DESIGNATION OF NON-PARTIES AT FAULT**

---

Defendant Nikos Hecht, by and through counsel and pursuant to C.R.S. 13-21-111.5(3)(b), hereby provides his preliminary notice to all parties and the Court that the following non-parties may be wholly or partially at fault and may have caused Plaintiff's alleged damages, if any, and that the relative proportion of fault of these non-parties may be an issue raised by Defendant at trial.  Defendant notes that pleading is not complete, initial disclosures have not been exchanged by the parties, and no discovery has commenced.  Defendant reserves his right to supplement this preliminary designation based on information learned through disclosures and in discovery.

     1.    Dr. Omara Hirales.  Cabo San Lucas, Mexico.  Plaintiff alleges that Dr. Hirales provided medical care to her, including an abortion.  Plaintiff also alleges that as a result of an abortion she may no longer be able to have children.  If in fact Plaintiff's ability to conceive or carry a child to term was impacted by an abortion she received from Dr. Hirales, then Dr. Hirales

may be wholly or partially at fault for the damages being claimed in this case based on Plaintiff's alleged infertility.

2.      Unknown doctor in Los Angeles, California.  Plaintiff alleges that a doctor in Los Angeles, California provided medical care to her, including an abortion.  Plaintiff also alleges that as the result of an abortion, she may no longer be able to have children.  If in fact Plaintiff's ability to conceive or carry a child to term was impacted by an abortion, the doctor who provided the abortion in Los Angeles may be wholly or partially at fault for the damages being claimed in this case based on Plaintiff's alleged infertility.

3.      Unknown manufacturer of abortion drugs.  Plaintiff alleges that she was given pills to terminate at least one pregnancy.  Plaintiff also alleges that as the result of an abortion, she may no longer be able to have children.  If in fact Plaintiff's ability to conceive or carry a child to term was impacted by an abortion, the manufacturer of the drug used to induce the abortion may be wholly or partially at fault for the damages claimed in this case based on Plaintiff's alleged infertility.

4.      Medical professionals who may have evaluated or treated Plaintiff, including providing abortions or contraceptive services.  Plaintiff also alleges that she may no longer be able to have children.  If her ability to conceive or carry a child to term was impacted by the medical care she received, her medical providers may be partially or wholly at fault for damages in this case based on Plaintiff's alleged infertility.

Dated:  June 21, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


*s/ Douglas B. Tumminello*
Michael D. Plachy
Douglas B. Tumminello
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
Telephone:     303.623.9000
Email:     mplachy@lrrc.com
              dtumminello@lrrc.com

RIDLEY, MCGREEVY & WINCOUR, P.C.
Marci G. LaBranche
David M. Tenner
Shanelle N. Kindel
303 16th Street, Suite 200
Denver, CO 80202
Telephone:     303.629.9700
Email: labranche@ridleylaw.com
              tenner@ridleylaw.com
              kindle@ridleylaw.com

*Attorneys for Defendant Nikos Hecht*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of June, 2016, a true and correct copy of the foregoing PRELIMINARY DESIGNATION OF NON-PARTIES AT FAULT was filed via the CM/ECF system which caused it to be served upon all counsel of record.

*s/ Douglas B. Tumminello*
Douglas B. Tumminello